AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>Michael Fitzgerald<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Case: 1:21−mj−00351
Assigned To : Meriweather, Robin M.
Assign. Date : 4/2/2021
Description: COMPLAINT W/ ARREST WARRANT

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*                    Michael Fitzgerald                    ,

who is accused of an offense or violation based on the following document filed with the court:

❐ Indictment  ❐ Superseding Indictment  ❐ Information  ❐ Superseding Information  ☒ Complaint
❐ Probation Violation Petition  ❐ Supervised Release Violation Petition  ❐ Violation Notice  ❐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 231(a)(3) - Obstruction of Law Enforcement During Civil Disorder;
18 U.S.C. §§ 1752(a)(1) and (2) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority;
40 U.S.C. §§ 5104(e)(2)(D) and (G) - Violent Entry and Disorderly Conduct on Capitol Grounds.

Date:    04/02/2021

2021.04.02
14:39:59 -04'00'

*Issuing officer's signature*

City and state:        Washington, D.C.

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 4/2/2021 , and the person was arrested on *(date)* 4/7/2021<br>Self- Surrender<br>at *(city and state)* Madison, Wisconsin .<br><br>Date: 4/7/2021 |

*Arresting officer's signature*

PAul Mueller, Special Agent
*Printed name and title*

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Michael Fitzgerald<br>DOB: 08/11/1978<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case: 1:21-mj-00351<br>Assigned To : Meriweather, Robin M.<br>Assign. Date : 4/2/2021<br>Description: COMPLAINT W/ ARREST WARRANT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the _____ in the District of ___ Columbia ___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 231(a)(3) - Obstruction of Law Enforcement During Civil Disorder,<br>18 U.S.C. §§ 1752(a)(1) and (2) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority,<br>40 U.S.C. §§ 5104(e)(2)(D) and (G) - Violent Entry and Disorderly Conduct on Capitol Grounds. | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Stephen Hart , Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: ___ 04/02/2021 ___

_____
*Judge's signature*

City and state: ___ Washington, D.C. ___

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Michael Fitzgerald<br>DOB: <br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case: 1:21-mj-00351**<br>**Assigned To : Meriweather, Robin M.**<br>**Assign. Date : 4/2/2021**<br>**Description: COMPLAINT W/ ARREST WARRANT** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the _____ in the District of ___Columbia___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|

18 U.S.C. § 231(a)(3) - Obstruction of Law Enforcement During Civil Disorder,
18 U.S.C. §§ 1752(a)(1) and (2) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority,
40 U.S.C. §§ 5104(e)(2)(D) and (G) - Violent Entry and Disorderly Conduct on Capitol Grounds.

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Stephen Hart , Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: _____04/02/2021_____

2021.04.02
14:38:50 -04'00'
_____
*Judge's signature*

City and state: _____Washington, D.C._____

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

## STATEMENT OF THE FACTS

Your affiant, Stephen Hart, is a Special Agent assigned to the Federal Bureau of Investigation's ("FBI) Washington Field Office (WFO).  Specifically, I am tasked with investigating public corruption and financial fraud investigations.  Among other duties, I am currently investigating criminal activity that occurred in and around the U.S. Capitol on January 6, 2021.  As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police.  Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police.  Only authorized people with appropriate identification were allowed access inside the U.S. Capitol.  On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection.  Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there. Photographs and videos of several of these persons were disseminated via social media and other open source online platforms. These persons included a white male, with brown hair, wearing a t-shirt that read "Wild Protest," believed to be Michael Fitzgerald ("FITZGERALD"), known to reside in Wisconsin.



Figure 1

According to video footage, FITZGERALD entered the U.S. Capitol at approximately 2:47 pm on January 6, 2021, through the doors on the Senate side of the building. Prior to his entry, the doors were guarded by law enforcement officers, who monitored the three entryways, as depicted below:



At approximately 2:47 pm, rioters aggressively pushed a podium placed in the middle doorway, which had acted as a barrier between the law enforcement officers and the rioters, against the law enforcement officers.  As depicted below, the law enforcement officers struggled to push back against the crowd of rioters:



During the push, which lasted for approximately 1 minute and 20 seconds, video footage depicted rioters punching law enforcement officers, throwing objects at law enforcement officers, and attempting to hit law enforcement officers with a flagpole.

As seen below, highlighted in the red box, FITZGERALD was near the front of the line of rioters, participating in the push against law enforcement officers:



As seen below, highlighted in the red box, as the pushing continued, FITZGERALD raised his right hand to hold his phone in the air:



After 1 minute and 20 seconds, the rioters pushed past the law enforcement officers. As seen below, highlighted in the red box, FITZGERALD continued to use his phone after entering the U.S. Capitol:



FITZGERALD then walked and congregated with other rioters inside the building. FITZGERALD walked towards the Crypt at approximately 3:03 pm.   At approximately 3:26 pm, or approximately 40 minutes after his entry, video shows FITZGERALD leaving the Capitol through a window on the Senate side of the building.



Subsequent to January 6, 2021, in an effort to identify individuals who had entered the U.S. Capitol unlawfully, the FBI publicly released a "Seeking Information Bulletins," which included the Figure 1 photograph as Photograph #32 below:



On or about January 8, 2021, a tipster contacted FBI who had reviewed the FBI's "Seeking Information Bulletins" and identified Photograph #32 as FITZGERALD.  The tipster confirmed that s/he knew FITZGERALD through employment and provided FITZGERALD's address and phone number.

On or about January 9, 2021, FITZGERALD contacted the FBI.  On that same day, FBI agents met with FITZGERALD at his residence in Janesville, Wisconsin.  The agents confirmed that FITZGERALD was the person depicted in Photograph #32 of the "Seeking Information Bulletins."

Based on the foregoing, your affiant submits that there is probable cause to believe that FITZGERALD violated 18 U.S.C. §§ 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions.

Your affiant submits there is also probable cause to believe that FITZGERALD violated 40 U.S.C. §§ 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

Finally, your affiant submits there is probable cause to believe that FITZGERALD violated 18 U.S.C. § 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of Section 231 of Title 18, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Joint Session of Congress where the Senate and House count Electoral College votes.

_____

Special Agent Stephen Hart
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 2nd day of April 2021.

_____

ROBIN M. MERIWEATHER
MAGISTRATE JUDGE
FOR THE DISTRICT OF COLUMBIA

AO  442  (Rev. 11/11)  Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Michael Fitzgerald | ) Case: 1:21–mj–00351 |
| | ) Assigned To : Meriweather, Robin M. |
| | ) Assign. Date : 4/2/2021 |
| | ) Description: COMPLAINT W/ ARREST WARRANT |
| *Defendant* | ) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* _____ Michael Fitzgerald _____ ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment     ❏ Superseding Indictment     ❏ Information     ❏ Superseding Information     ☒ Complaint
❏ Probation Violation Petition     ❏ Supervised Release Violation Petition     ❏ Violation Notice     ❏ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 231(a)(3) - Obstruction of Law Enforcement During Civil Disorder;
18 U.S.C. §§ 1752(a)(1) and (2) - Knowingly Entering or Remaining in any Restricted Building or Grounds
Without Lawful Authority;
40 U.S.C. §§ 5104(e)(2)(D) and (G) - Violent Entry and Disorderly Conduct on Capitol Grounds.

Date:  _____04/02/2021_____                         _____
                                                                               *Issuing officer's signature*

City and state:  _____Washington, D.C._____          Robin M. Meriweather, U.S. Magistrate Judge
                                                                               *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ |
| at *(city and state)* _____ . |
| Date:  _____                    _____ |
| *Arresting officer's signature* |
| _____ |
| *Printed name and title* |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL FITZGERALD ,

Defendant.

RELEASE ORDER

Case No. 21-MJ-46-SLC (W.D.W.)
21-MJ-351-RMM (D.D.C.)

For reasons stated on the record in this case, it is ORDERED that the above-named defendant shall be released during the pendency of this case upon defendant's promise to obey the following conditions of release:

### Standard Conditions for All Released Defendants

1. Defendant shall not commit any offense in violation of federal, state or local law while on release.

2. Defendant shall appear at all proceedings as required and shall surrender at the time and place directed by further court order for service of any sentence subsequently imposed in this case.

3. Defendant shall report immediately to the U.S. Marshals Service for processing and then to Pretrial Services for a post-hearing interview.

4. Defendant shall cooperate in the collection of a DNA sample as required by 18 U.S.C. § 3142(b).

5. Defendant shall hereafter meet with Pretrial Services at the times and places directed and shall obey all directions and instructions of Pretrial Services.

6. Defendant shall next appear at this location: ZOOM CONFERENCE W/ D.C. Court

   at this date and time: APRIL 22, 2021 AT 1:00 PM EASTERN DAYLIGHT TIME

7. Defendant shall not engage in any undercover or informant activity on behalf of any government agency, except for a debriefing, without prior written approval of a district judge of this court.

8. If defendant is charged with a felony, then defendant shall not ship, transport or receive any firearm or ammunition. Note that this is not a prohibition against the continued possession of firearms, which is addressed in condition number 15, below.

*01/18 Rev.*

9.  This court has a zero-tolerance policy for drug use by criminal defendants released on conditions.  Violation of any condition of release or of any other direction or instruction given by Pretrial Services relating to drugs or drug use shall result in return to court for a hearing on the modification or revocation of conditions of release.  To ensure the fair enforcement of this policy, every criminal defendant released on conditions shall be subjected to at least one random test for drug use.

    *Note Well*: If defendant has a drug or alcohol use problem, it is defendant's obligation to advise Pretrial Services *now* so that appropriate conditions can be considered and fashioned to address the problem.

10. Defendant shall surrender defendant's passport to the clerk of this court.  If the defendant is acquitted or the charges are dismissed, then the clerk shall return the passport to the defendant.  If the defendant is convicted, then the clerk shall send the passport and a copy of the judgment and conviction order to the U.S. State Department.  Defendant shall not apply for a replacement passport while on pretrial release or while serving any sentence if convicted.

11. Defendant shall report in advance to Pretrial Services all changes in employment, residence, and telephone.

12. If defendant has any contact with any representative of any law enforcement agency regarding any criminal or traffic matter, then defendant shall report this contact to Pretrial Services within 24 hours of the contact.

## Additional Conditions



____  13. Defendant shall register with local law enforcement agencies as directed by Pretrial Services.

____  14. Defendant shall seek and maintain employment in a manner approved by Pretrial Services.

_X_  15. Defendant shall not use or possess firearms, destructive devices, or other dangerous weapons.

_X_  16. Defendant shall / ~~abstain from any~~ / refrain from excessive / use of alcohol.

____  17. Defendant shall not associate in any manner with persons who use or possess controlled substances, or previously were known to use or possess controlled substances, and defendant shall avoid places where controlled substances are or were known to have been used, possessed or dispensed.

2

_____ 18.   Defendant shall not use, possess, buy or sell any illicit or narcotic drugs or any other controlled substance defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner with the knowledge of Pretrial Services. Defendant shall not use methadone or obtain a prescription for methadone.

_____ 19.   Defendant shall submit to urinalysis or other testing as directed by Pretrial Services to detect drug or alcohol use.

_____ 20.   Defendant shall undergo an Alcohol and Other Drug Assessment at the direction of Pretrial Services and shall comply with any instructions or directions given by Pretrial Services as a result of the assessment.

_____ 21.   Defendant shall not associate with, speak to, telephone, text, email or have any contact whatsoever with these people:

_____

If codefendants are listed above, this prohibition does not apply to association that occurs in the presence of the attorneys for all defendants during bona fide legal defense meetings.

X  22.   Defendant shall not travel outside the following geographic area except when traveling directly to this court or to the office of defendant's attorney for matters relating directly to this case, or when prior permission has been obtained from Pretrial Services:

DEFENDANT SHALL NOT ENTER THE DISTRICT OF COLUMBIA EXCEPT FOR MATTERS DIRECTLY RELATED TO THIS CASE, INCLUDING MEETINGS WITH HIS ATTORNEY.

_____ 23.   Defendant shall observe the following curfew:

Remain at this residence: _____

During these times: _____

Exceptions from this curfew must be approved in advance by Pretrial Services.

X  24.   Defendant shall submit to location monitoring [ radio-frequency (RF) or Global Positioning System (GPS) ] as directed by Pretrial Services. Defendant shall not / shall / pay the cost of monitoring.

____ 25.    Defendant shall be placed in the third-party custody of these people:

_____

### Custodian's Promise to the Court

Each undersigned third-party custodian has read these conditions of release, understands what these conditions require the defendant to do and not to do, and promises the court that the custodian will:

(1)   Supervise the defendant to ensure that the defendant complies with these conditions of release;

(2)   Use every effort to ensure that the defendant appears as required at court proceedings in this case; and

(3)   Immediately notify Pretrial Services, the court, and if needed, local law enforcement authorities if defendant violates any release condition or if defendant appears to be planning to flee or actually flees.

Signed: _____   Date: _____

X  26.    Defendant shall participate in mental health assessment, treatment and counseling as approved and directed by Pretrial Services. Defendant shall follow all treatment directives and take any medication prescribed by defendant's treatment provider, as approved by Pretrial Services. Defendant shall waive any patient-provider privilege as to this process so that Pretrial Services may oversee it properly. Defendant is responsible for obtaining funding for any required treatment, counseling or medications, with assistance from Pretrial Services.

____ 27.    Defendant shall notify third parties, including his employer, his clients and the financial institutions with which he conducts business, of the pending federal charges and shall permit Pretrial Services to make notifications and to confirm compliance with this condition.

____ 28.    _____

____ 29.    _____

## Notice of Penalties and Sanctions

The defendant's violation of any of the conditions of release imposed in this order may result in the immediate issuance of a warrant for the defendant's arrest, the revocation of release, and an order of detention. It could also result in a separate prosecution for contempt under 18 U.S.C. § 401, which is punishable by a term of imprisonment and a fine. *See* 18 U.S.C. § 3148.

If the defendant commits a crime while released pursuant to this order and is later convicted of that new crime, then the defendant can also be prosecuted in federal court for having committed a crime while released, which is a violation of 18 U.S.C. § 3147. If the new offense is a felony, the defendant would face up to ten years in prison. If the new offense is a misdemeanor, the defendant would face up to one year in prison. Any sentence imposed for such a violation would be consecutive to any other sentence imposed upon the defendant.

It is a crime for the defendant knowingly to fail to appear as required by these conditions of release, or to fail to appear for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

1.  An offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years or both;

2.  An offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

3.  Any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

4.  A misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to a sentence of imprisonment for any other offense. *See* 18 U.S.C. § 3146.

It is a federal crime to intimidate, to influence, or to injure jurors or officers of the court or to attempt to do so. *See* 18 U.S.C. § 1503.

It is a federal crime to obstruct criminal investigations by bribery, or by disclosing the existence or content of subpoenas to financial institutions or the insurance industry. *See* 18 U.S.C. § 1510.

It is a federal crime to intimidate, to harass, to influence, or to injure witnesses, potential witnesses, victims or informants, or to threaten or attempt to do so. *See* 18 U.S.C. § 1512.

It is a federal crime to retaliate against a witness, victim or informant, or to threaten or attempt to do so. *See* 18 U.S.C. § 1513.

## Acknowledgment and Promise of the Defendant

I acknowledge that I am the defendant in this case.

I am aware of and I understand all of the conditions of release that have been imposed upon me.

I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed.

I am aware of and I understand the prohibitions and penalties set forth above in the Notice of Penalties and Sanctions section of this release order.

_____          _____
Signature of Defendant                                                      Date


## Directions to the United States Marshal

It is ORDERED that the Marshal shall:

____X____   Release the defendant after processing, in the ordinary course of the marshal's business.

_____   Detain the defendant in custody until notified by a judicial officer, the Clerk of Court, or the Pretrial Service Office that the defendant has complied with all conditions of release set in this order and therefore may be released on these conditions.

BY THE COURT:

_____                    4-8-21
STEPHEN L. CROCKER                                         Date
Magistrate Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL FITZGERALD ,

Defendant.

RELEASE ORDER

Case No. 21-MJ-46-SLC (W.D.W.)
21-MJ-351-RMM (D.D.C.)

---

For reasons stated on the record in this case, it is ORDERED that the above-named defendant shall be released during the pendency of this case upon defendant's promise to obey the following conditions of release:

### Standard Conditions for All Released Defendants

1. Defendant shall not commit any offense in violation of federal, state or local law while on release.

2. Defendant shall appear at all proceedings as required and shall surrender at the time and place directed by further court order for service of any sentence subsequently imposed in this case.

3. Defendant shall report immediately to the U.S. Marshals Service for processing and then to Pretrial Services for a post-hearing interview.

4. Defendant shall cooperate in the collection of a DNA sample as required by 18 U.S.C. § 3142(b).

5. Defendant shall hereafter meet with Pretrial Services at the times and places directed and shall obey all directions and instructions of Pretrial Services.

6. Defendant shall next appear at this location: ZOOM CONFERENCE W/ D.C. Court

   at this date and time: APRIL 22, 2021 AT 1:00 PM EASTERN DAYLIGHT TIME

7. Defendant shall not engage in any undercover or informant activity on behalf of any government agency, except for a debriefing, without prior written approval of a district judge of this court.

8. If defendant is charged with a felony, then defendant shall not ship, transport or receive any firearm or ammunition. Note that this is not a prohibition against the continued possession of firearms, which is addressed in condition number 15, below.

*01/18 Rev.*

9.    This court has a zero-tolerance policy for drug use by criminal defendants released on conditions. Violation of any condition of release or of any other direction or instruction given by Pretrial Services relating to drugs or drug use shall result in return to court for a hearing on the modification or revocation of conditions of release. To ensure the fair enforcement of this policy, every criminal defendant released on conditions shall be subjected to at least one random test for drug use.

*Note Well*: If defendant has a drug or alcohol use problem, it is defendant's obligation to advise Pretrial Services *now* so that appropriate conditions can be considered and fashioned to address the problem.

10.    Defendant shall surrender defendant's passport to the clerk of this court. If the defendant is acquitted or the charges are dismissed, then the clerk shall return the passport to the defendant. If the defendant is convicted, then the clerk shall send the passport and a copy of the judgment and conviction order to the U.S. State Department. Defendant shall not apply for a replacement passport while on pretrial release or while serving any sentence if convicted.

11.    Defendant shall report in advance to Pretrial Services all changes in employment, residence, and telephone.

12.    If defendant has any contact with any representative of any law enforcement agency regarding any criminal or traffic matter, then defendant shall report this contact to Pretrial Services within 24 hours of the contact.

### Additional Conditions



_____   13.    Defendant shall register with local law enforcement agencies as directed by Pretrial Services.

_____   14.    Defendant shall seek and maintain employment in a manner approved by Pretrial Services.

 X    15.    Defendant shall not use or possess firearms, destructive devices, or other dangerous weapons.

 X    16.    Defendant shall /~~abstain from any~~ / refrain from excessive / use of alcohol.

_____   17.    Defendant shall not associate in any manner with persons who use or possess controlled substances, or previously were known to use or possess controlled substances, and defendant shall avoid places where controlled substances are or were known to have been used, possessed or dispensed.

2

____ 18.    Defendant shall not use, possess, buy or sell any illicit or narcotic drugs or any other controlled substance defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner with the knowledge of Pretrial Services. Defendant shall not use methadone or obtain a prescription for methadone.

____ 19.    Defendant shall submit to urinalysis or other testing as directed by Pretrial Services to detect drug or alcohol use.

____ 20.    Defendant shall undergo an Alcohol and Other Drug Assessment at the direction of Pretrial Services and shall comply with any instructions or directions given by Pretrial Services as a result of the assessment.

____ 21.    Defendant shall not associate with, speak to, telephone, text, email or have any contact whatsoever with these people:

_____

If codefendants are listed above, this prohibition does not apply to association that occurs in the presence of the attorneys for all defendants during bona fide legal defense meetings.

_X_ 22.    Defendant shall not travel outside the following geographic area except when traveling directly to this court or to the office of defendant's attorney for matters relating directly to this case, or when prior permission has been obtained from Pretrial Services:
          DEFENDANT SHALL NOT ENTER THE DISTRICT OF COLUMBIA EXCEPT FOR MATTERS DIRECTLY
          RELATED TO THIS CASE, INCLUDING MEETINGS WITH HIS ATTORNEY.

____ 23.    Defendant shall observe the following curfew:

Remain at this residence: _____

During these times: _____

Exceptions from this curfew must be approved in advance by Pretrial Services.

_X_ 24.    Defendant shall submit to location monitoring [~~radio frequency (RF)~~ or Global Positioning System (GPS)] as directed by Pretrial Services. Defendant shall not /~~shall~~/ pay the cost of monitoring.

3

____ 25. Defendant shall be placed in the third-party custody of these people:

_____

### Custodian's Promise to the Court

Each undersigned third-party custodian has read these conditions of release, understands what these conditions require the defendant to do and not to do, and promises the court that the custodian will:

(1) Supervise the defendant to ensure that the defendant complies with these conditions of release;

(2) Use every effort to ensure that the defendant appears as required at court proceedings in this case; and

(3) Immediately notify Pretrial Services, the court, and if needed, local law enforcement authorities if defendant violates any release condition or if defendant appears to be planning to flee or actually flees.

Signed: _____   Date: _____

X 26. Defendant shall participate in mental health assessment, treatment and counseling as approved and directed by Pretrial Services. Defendant shall follow all treatment directives and take any medication prescribed by defendant's treatment provider, as approved by Pretrial Services. Defendant shall waive any patient-provider privilege as to this process so that Pretrial Services may oversee it properly. Defendant is responsible for obtaining funding for any required treatment, counseling or medications, with assistance from Pretrial Services.

____ 27. Defendant shall notify third parties, including his employer, his clients and the financial institutions with which he conducts business, of the pending federal charges and shall permit Pretrial Services to make notifications and to confirm compliance with this condition.

____ 28. _____

____ 29. _____

4

### Notice of Penalties and Sanctions

The defendant's violation of any of the conditions of release imposed in this order may result in the immediate issuance of a warrant for the defendant's arrest, the revocation of release, and an order of detention. It could also result in a separate prosecution for contempt under 18 U.S.C. § 401, which is punishable by a term of imprisonment and a fine. *See* 18 U.S.C. § 3148.

If the defendant commits a crime while released pursuant to this order and is later convicted of that new crime, then the defendant can also be prosecuted in federal court for having committed a crime while released, which is a violation of 18 U.S.C. § 3147. If the new offense is a felony, the defendant would face up to ten years in prison. If the new offense is a misdemeanor, the defendant would face up to one year in prison. Any sentence imposed for such a violation would be consecutive to any other sentence imposed upon the defendant.

It is a crime for the defendant knowingly to fail to appear as required by these conditions of release, or to fail to appear for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

    1.    An offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years or both;

    2.    An offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

    3.    Any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

    4.    A misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to a sentence of imprisonment for any other offense. *See* 18 U.S.C. § 3146.

It is a federal crime to intimidate, to influence, or to injure jurors or officers of the court or to attempt to do so. *See* 18 U.S.C. § 1503.

It is a federal crime to obstruct criminal investigations by bribery, or by disclosing the existence or content of subpoenas to financial institutions or the insurance industry. *See* 18 U.S.C. § 1510.

It is a federal crime to intimidate, to harass, to influence, or to injure witnesses, potential witnesses, victims or informants, or to threaten or attempt to do so. *See* 18 U.S.C. § 1512.

It is a federal crime to retaliate against a witness, victim or informant, or to threaten or attempt to do so. *See* 18 U.S.C. § 1513.

5

## Acknowledgment and Promise of the Defendant

I acknowledge that I am the defendant in this case.

I am aware of and I understand all of the conditions of release that have been imposed upon me.

I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed.

I am aware of and I understand the prohibitions and penalties set forth above in the Notice of Penalties and Sanctions section of this release order.

_____   Date 4/9/2021
Signature of Defendant

## Directions to the United States Marshal

It is ORDERED that the Marshal shall:

___X___ Release the defendant after processing, in the ordinary course of the marshal's business.

_____ Detain the defendant in custody until notified by a judicial officer, the Clerk of Court, or the Pretrial Service Office that the defendant has complied with all conditions of release set in this order and therefore may be released on these conditions.

BY THE COURT:

_____   Date 4-8-21
STEPHEN L. CROCKER
Magistrate Judge

6

RULE_5,

## U.S. District Court
## Western District of Wisconsin (Madison)
## CRIMINAL DOCKET FOR CASE #: 3:21-mj-00046-slc-1

Case title: USA v. Fitzgerald, Michael                    Date Filed: 04/06/2021

Assigned to: Magistrate Judge Stephen L. Crocker

**Defendant (1)**

**Michael Fitzgerald**                 represented by  **Mark Arthur Eisenberg**
                                                     Eisenberg Law Offices, S.C.
                                                     308 East Washington Avenue
                                                     P.O. Box 1069
                                                     Madison, WI 53701-1069
                                                     608-256-8356
                                                     Fax: 608-256-2875
                                                     Email: mark@eisenberglaw.org
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

**United States of America**           represented by  **Elizabeth Altman**
                                                     United States Attorney's Office
                                                     222 West Washington Avenue
                                                     Suite 700
                                                     Madison, WI 53703
                                                     608-264-5158
                                                     Fax: 608-264-5054
                                                     Email: elizabeth.altman@usdoj.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: Government*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 04/06/2021 | 1 | Rule 5(c)(3) Documents from District of Columbia, Case Number 1:21-mj-00351, as to defendant Michael Fitzgerald. (Attachments:<br># 1 Redacted Complaint,<br># 2 Statement of Facts,<br># 3 Arrest Warrant (Sealed Document) (arw) (Entered: 04/06/2021) |
|---|---|---|
| 04/06/2021 | 2 | ** TEXT ONLY ORDER **<br>On April 6, 2021 the court held a telephonic status conference. Defendant did not participate personally but was represented by his attorney, Mark Eisenberg. The government was represented by AUSA Elizabeth Altman. In light of the arrest warrant issued by the court in D.D.C., we agreed that defendant will "surrender" by participating in a Zoom release hearing on April 8, 2021 at 2:30 p.m. If defendant requests a preliminary hearing or an identity hearing in this district, then they will be held on a later date. The parties had no other matters to bring to the court's attention. Signed by Magistrate Judge Stephen L. Crocker on 4/6/2021. (rks) (Entered: 04/06/2021) |
| 04/06/2021 | 3 | ** TEXT ONLY ORDER **<br>The court will hold a Release Hearing for Michael Fitzgerald on April 8, 2021 by Zoom video conference. The court will send invitations by email to counsel. If the defendant is unable to appear by video, the defendant may appear by telephone. All participants are reminded that video or audio recordings of the proceedings are strictly prohibited. Full guidelines governing access to court hearings can be found here. A guide to participating in Zoom video hearings can be found here. Public access to the video stream is available on YouTube. Signed by Magistrate Judge Stephen L. Crocker on 4/6/2021. (rks) (Entered: 04/06/2021) |
| 04/07/2021 | 4 | Pretrial Services Report as to Michael Fitzgerald (Sealed) (maw) (Entered: 04/07/2021) |
| 04/08/2021 | 5 | Minute Entry for proceedings held before Magistrate Judge Stephen L. Crocker: Release Hearing as to Michael Fitzgerald held on 4/8/2021 by Zoom video conference. Defendant released on conditions. Zoom Hearing set for 4/22/2021 at 1:00 PM ET in District of Columbia. [:26] (kwf) (Entered: 04/08/2021) |
| 04/08/2021 | 6 | ** TEXT ONLY ORDER **<br>On April 8, 2021, the court held a Zoom release hearing. Defendant Michael Fitzgerald participated, represented by Attorney Mark Eisenberg. The government was represented by AUSA Elizabeth Altman. Pretrial Services was represented by PTSO Michael Sutor. After hearing from the parties and from PTS, the court released defendant on conditions, including those proposed by the government but opposed by the defendant. Defendant waived an identity hearing and waived a preliminary examination in this district. Defendant will next appear at a Zoom hearing with the U.S. District Court for the District of Columbia on April 22, 2021 at 1:00 P.M., EDT. The parties had no other matters to bring to the court's attention. Signed by Magistrate Judge Stephen L. Crocker on 4/8/2021. (rks) (Entered: 04/08/2021) |
| 04/08/2021 | 7 | ORDER Setting Conditions of Release re: Michael Fitzgerald. (Not signed by defendant.) Signed by Magistrate Judge Stephen L. Crocker on 4/8/2021. (voc) (Entered: 04/08/2021) |
| 04/09/2021 | 8 | ORDER Setting Conditions of Release re: Michael Fitzgerald. (Signed by defendant on 4/9/2021.) Signed by Magistrate Judge Stephen L. Crocker on 4/8/2021. (rks) (Entered: 04/09/2021) |