# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Case No. 21-cr-326 (PLF)** |
| | : | |
| MICHAEL FITZGERALD, | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' RESPONSE IN OPPOSITION
## TO DEFENDANT MICHAEL FITZGERALD'S MOTION TO DISMISS COUNT TWO

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Response in Opposition to Defendant Michael Fitzgerald's ("the defendant") Motion to Dismiss Count Two (ECF No. 47). The defendant alleges that his conduct was not prohibited by the statute and the certification was not an "official proceeding." The defendant also asserts that Section 1512(c)(2) is unconstitutionally vague.

The defendant's contentions lack merit. Nearly every judge in this District, including this Court, has rejected the challenges defendants raise. *See, e.g.*, *United States v. Puma*, No. 21-CR-454 (PLF), 2022 WL 823079. The Court should deny defendant's motion to dismiss because Count Two of the Indictment sufficiently alleges that the defendant participated in the obstruction of an official proceeding and aiding and abetting under 18 U.S.C. §§ 1512(c)(2) & 2, by obstructing Congress's electoral vote count and certification on January 6, 2021.

## BACKGROUND

The defendant currently faces a six-charge Superseding Indictment, (ECF No. 32). This indictment includes the following charges: Count 1 (Civil Disorder), 18 U.S.C § 231(a)(3); Count 2 (Obstruction of an Official Proceeding and Aiding and Abetting), 18 U.S.C. §§ 1512(c)(2) and (2); Count 3 (Entering and Remaining in a Restricted Building or Grounds), 18 U.S.C. § 1752(a)(1); Count 4 (Disorderly or Disruptive Conduct in in a Restricted Building or Grounds),

18 U.S.C. § 1752(a)(2); Count 5 (Disorderly Conduct in a Capitol Building), 40 U.S.C. § 5104(e)(2)(D); and Count 6 (Parading, Demonstrating, or Picketing in a Capitol Building), 40 U.S.C. § 5104(e)(2)(G).

## ARGUMENT

### I.  Legal Standard

An indictment is sufficient under the Constitution and Rule 7 of the Federal Rules of Criminal Procedure if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished, as it is here, by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). An indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the Government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added)—neither of which has occurred here.

Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.). Criminal

cases have no mechanism equivalent to the civil rule for summary judgment. *See e.g.*, *United States v. Bailey*, 444 U.S. 394, 413, n.9 (1980) ("[M]otions for summary judgment are creatures of civil, not criminal trials"); *Yakou*, 428 F.3d at 246-47 ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context"); *United States v. Oseguera Gonzalez*, No. 20-CR-40 (BAH), 2020 WL 6342948 at *5 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits pretrial determination of the sufficiency of the evidence). Whether an indictment fails to state an offense because an essential element is absent calls for a legal determination.

When ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and more specifically, the language used to charge the crimes. *See e.g.*, *United States v. Bingert*, 605 F. Supp. 3d 111, 118 (D.D.C. 2022) (a motion to dismiss challenges the adequacy of an indictment on its face and the relevant inquiry is whether its allegations permit a jury to find that the crimes charged were committed); *United States v. McHugh*, 583 F. Supp. 3d 1, 26-28 (D.D.C. 2022) (a motion to dismiss involves the Court's determination of the legal sufficiency of the indictment, not the sufficiency of the evidence); *United States v. Puma*, No. 21-CR-454 (PLF), 2022 WL 823079 at *4 (D.D.C. Mar. 19, 2022) ("In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the <u>face</u> of the indictment and, more specifically, the <u>language used</u> to charge the crimes") (quoting *United States v. Sunia*, 643 F.Supp. 2d 51, 60 (D.D.C. 2009)).

## II. The Defendant's Motion to Dismiss Count Two Lacks Merit and Should be Denied

### a. The Supreme Court's Grant of Certiorari *United States v. Fischer* Should Not Be Considered in Evaluating the Defendant's Motion to Dismiss

On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. In *Fischer*, the matter at issue is

the appropriate interpretation of 18 U.S.C. § 1512(c)(2), the statute criminalizing obstruction of an official proceeding. As stated above, the defendant, Michael Fitzgerald, stands charged of this and five other crimes resulting from his conduct on January 6, 2021.

The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that the opinions that have overwhelmingly determined that the arguments raised by the defense relating to 18 U.S.C. § 1512(c)(2) were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by *Heath* has any merit, only that it is an important question.").

Moreover, the legal challenges put forth by Fitzgerald have also been considered and rejected by this Court in *United States v. GossJankowski*, Crim. No. 21-0123, 2023 WL 130817, *United States vs. Connell and Adams*, Crim. No. 21-0084, and *United States vs. Christopher Warnagiris*, Crim. No. 21-00382.

### b. Count Two Adequately Alleges Criminal Conduct Within the Meaning of the Statute

The indictment adequately identifies specific criminal conduct under 18 U.S.C. §§ 1512(c)(2) & (2). Count Two of the defendant's indictment charges him with corruptly obstructing, influencing, or impeding an "official proceeding,"–*i.e.*, Congress's certification of the Electoral College vote on January 6, 2021–in violation of 18 U.S.C. § 1512(c)(2). Count Two states:

> On or about January 6, 2021, within the District of Columbia and elsewhere, **MICHAEL FITZGERALD,** attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.
>
> (**Obstruction of an Official Proceeding**, in violation of Title 18, United States Code, Sections 1512(c)(2) and (2))

(ECF No. 32).

In 2002, Congress enacted Section 1512(c)'s prohibition on "[t]ampering with a record or otherwise impeding an official proceeding" as part of the Sarbanes-Oxley Act, Pub. L. No. 107-204, 116 Stat. 745, 807. Section 1512(c)'s prohibition applies to:

[w]hoever corruptly –

(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

(2) *otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so*.

18 U.S.C. § 1512(c) (emphasis added). Section 1515(a)(1), in turn, defines the phrase "official proceeding" to include "a proceeding before the Congress." 18 U.S.C. § 1515(a)(1)(B). By the statute's plain terms, then, a person violates Section 1512(c)(2) when, acting with the requisite *mens rea*, he engages in conduct that obstructs a specific congressional proceeding, including Congress's certification of the Electoral College vote.

The defendant's motion must be denied, as it is foreclosed by binding precedent. In *Fischer*, the D.C. Circuit addressed a pretrial ruling that Section 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.'" *United States v. Fischer*, 64 F.4th 329, 334. The D.C. Circuit held that Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335. The court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336 (concluding that this "broad interpretation of the statute—encompassing all forms of obstructive acts—is unambiguous and

natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure") (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).  This portion of the opinion was authored by Judge Pan and joined by Judge Walker, and thus constitutes *Fischer*'s current binding holding.  *Fischer* thus confirms that the indictment in this case is sufficient notwithstanding the fact that it does not specify that any obstructive acts related to a document, record, or other object.  *See Fischer*, 64 F4th at 332; *Id.* at 338 (noting that every district judge other than the judge presiding *Fischer* itself had concluded the same, often with "thorough and persuasive reasoning"); *see also Puma*, 596 F. Supp. 3d at 106-08 ("In sum, Section 1512(c)(2) gives defendants fair warning in plain language that a crime will occur in a different ('otherwise') manner compared to § 1512(c)(1) if the defendant 'obstructs, influences, or impedes any official proceeding' without regard to whether the action relates to documents or records.") (citing *United States v. Caldwell*, 581 F. Supp. 3d 1, 21 (D.D.C. 2021)). The defendant provides no reason to disturb that sound conclusion, and his motion to dismiss must be denied.

### c.  "Official Proceeding" Includes Congress' Certification of the Electoral College Vote

The defendant argues that that Congress's constitutionally mandated process of counting the electoral college votes of the presidential election and certifying the next President and Vice President of the United States does not constitute an "official proceeding." (ECF No. 47 at 8) To echo Judge Amy Berman Jackson on this issue, this defendant is "not the first to challenge whether indictments charging January 6 defendants under section 1512(c)(2) are deficient", but all "similar challenges have been rejected by every court in this district to consider them – with one exception." *United States v. Rodriguez*, 21-cr-246 (ABJ), 2022 WL 3910580, at *2 (D.D.C. Aug. 31, 2022) (collecting cases).

The D.C. Circuit has held, "The statutory definition of 'official proceeding' under § 1512(c)(2) includes a 'proceeding before the Congress.'" *Fischer*, 64 F 4th at 342-43 (quoting 18 U.S.C. § 1515(a)(1)(B)). "Although appellees strain to argue that the Electoral College vote certification is not a 'proceeding before the Congress' because it does not involve 'investigations and evidence,' we see no such limit in the ordinary meaning of the word 'proceeding.'" *Id*. (citing *Proceeding*, Oxford English Dictionary (2d ed. 1989) ("[T]he carrying on of an action or series of actions.")). "Notably," the Circuit continued, "Congress follows statutory directives to complete the certification of the Electoral College vote, including: (1) convening a joint session at 1:00 PM on January 6 in the year following the presidential election; (2) appointing four tellers to read and list the votes; (3) announcement of the voting results by the President of the Senate; and (4) allowing written objections from members of Congress, subject to a procedure for submitting and resolving such objections. Those directives reflect Congress's own intent that the vote certification shall be a 'proceeding before the Congress.'" *Id*. at 343 (citations omitted).

Every district court judge presented with the issue has concluded that Congress's certification of the Electoral College is an "official proceeding" within the meaning of 18 U.S.C. § 1512(c)(2) and that Section 1512(c)(2) is not unconstitutionally vague. *United States v. Williams* 21-cr-377 (BAH), ECF No. 118 at 80-89. *See also United States v. Andries*, No. CR 21-93, 2022 WL 768684, at 4-7 (D.D.C. Mar. 14, 2022) (rejecting a defendant's argument that an "official proceeding" must "involve adjudicative or at least 'quasi-adjudicative responsibilities'" and must be "an adjudicative proceeding involving witness testimony and evidence" and citing other similar opinions from courts in this district (internal citations omitted).

In *Puma,* this Court held that that the plain meaning of a "proceeding before the Congress" as used in 18 U.S.C. § 1512(a)(1)(B) clearly encompasses Congress' activities on January 6, 2021, stating that these proceedings "clearly constitute a formal assembly akin to a

hearing and thus fall within this definition of an 'official proceeding' before 'the Congress.' The certification of the Electoral College vote is the business of an official body – the U.S. Congress – and this business is mandated by both the U.S. Constitution and federal statute. *See* U.S. CONST. amend. XII ; 3 U.S.C. § 15." *United States v. Puma*, 596 F. Supp. 3d 90, 98 (D.D.C. 2022) (citing *United States v. Caldwell*, 581 F.Supp.3d at 11).

The Court further explained that the defendant's assertions about the statute's purpose, legislative history, and even the statute's definition under Department of Justice Criminal Resource Manual—principally that Congress passed 18 U.S.C. § 1512(c)(2) as part of a statute principally concerned with obstruction of justice in corporate fraud cases, the Sarbanes-Oxley Act of 2002— were unpersuasive and did not overcome the plain meaning presumption. "To conclude [that the certification of the Electoral College vote is not an "official proceeding within the meaning of Section 1512(C)(2)] would require a departure from common usage and common sense." *Puma* 596 F. Supp. 3d at 102 (citing *United States v. Montgomery*, 578 F.Supp.3d at 69.)

As such, this Court should decline to adopt the defendant's definition of "official proceeding" and, instead, consistent with the Circuit's opinion in *Fischer*, conclude that under the plain meaning of the statute, the January 6 certification was a formal convocation at which Congress convened to conduct formal business, and was therefore clearly an official proceeding for purposes of 18 U.S.C. § 1512(C)(2). *See Puma*, 596 F. Supp. 3d 90, 98.

### d. **"Corruptly" is not unconstitutionally vague**

The defendant argues that the term "corruptly," as used in Section 1512(c)(2), is unconstitutionally vague, rendering the statute constitutionally invalid. (ECF No. 47 at pgs. 13-17). As an initial matter, this argument is irrelevant at this stage because Count Two is properly pled. *Fischer* reiterates that when interpreting "corruptly," courts should "enforce plain and

unambiguous statutory language according to its terms." *Fischer*, 64 F.4th at 18; *Hardt v. Reliance Standard Life Ins. Co*. 560 U.S. 242, 251 (2010). Thus, the sufficiency of the indictment in this case does not turn on the precise definition of "corruptly."

As this Court observed in denying a motion to dismiss in another January 6 case, "[j]udges in this district have construed 'corruptly' to require 'a showing of "dishonesty" or an 'improper purpose'[;], 'consciousness of wrongdoing'[;] or conduct that is 'independently criminal,' 'inherently malign, and committed with the intent to obstruct an official proceeding.' *United States v. Puma*, 596 F. Supp. 3d 90, 98 (D.D.C. 2022) (quoting *United States v. Montgomery*, 578 F.Supp.3d at 69; *Bozell*, 2022 WL 474144, at *6; *United States v. Caldwell*, 581 F. Supp. 3d 1, 21 (D.D.C. 2021); and *United States v. Sandlin*, 575 F. Supp. 3d 16).

Each of these indictments contains the essential facts of the 18 Section 1512(c)(2) charges. That is because the indictment charges that the defendant "corruptly obstruct[ed], influence[d], and impede[d] an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote."  (ECF No. 32)

In any event, the term "corruptly" is not unconstitutionally vague.  The Due Process Clauses of the Fifth and Fourteenth Amendments prohibit the government from "depriv[ing] any person of life, liberty, or property, without due process of law."  An outgrowth of the Due Process Clause, the "void for vagueness" doctrine prevents the enforcement of a criminal statute that is "so vague that it fails to give ordinary people fair notice of the conduct it punishes" or is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015).  Notably, the void for vagueness doctrine is narrow.  The challenger must overcome a strong presumption that duly enacted statutes are constitutional.  *See United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963) ("The strong presumptive validity that attaches to an Act of Congress has led this Court to hold many times that statutes are not automatically invalidated

as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language.").

Accordingly, the void for vagueness doctrine "does not invalidate every statute which a reviewing court believes could have been drafted with greater precision." *Rose v. Locke*, 423 U.S. 48, 49 (1975) (per curiam).  Rather, a statute is unconstitutionally vague only if it "proscribe[s] no comprehensible course of conduct at all." *United States v. Powell*, 423 U.S. 87, 92 (1975).  "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *United States v. Williams*, 553 U.S. 285, 306 (2008).  Indeed, district courts here have recognized a high bar for rendering a statute unconstitutionally vague and has advised:

> [N]o void for vagueness challenge is successful merely because a statute requires a person to conform his conduct to an imprecise but comprehensible normative standard, whose satisfaction may vary depending upon whom you ask.  Instead, unconstitutional vagueness arises only if the statute specifies no standard of conduct at all.

*United States v. Gonzalez*, No. 20-cr-40-BAH, 2020 WL 6342948, at *7 (D.D.C. Oct. 29, 2020) (internal citation and quotation omitted).

Although the D.C. Circuit did not resolve the meaning of the term "corruptly" in *Fischer*, both judges who joined the lead opinion determined that term is not unconstitutionally vague as used in Section 1512(c).  *See Fischer*, 64 F.4th at 339-42 (explaining that, under any formulation, "'corrupt' intent exists at least when an obstructive action is independently unlawful," and that "appellees err in arguing that the term 'corruptly' 'takes on unconstitutional vagueness' in circumstances outside the context of a judicial proceeding"); *Id.* at 352 (explaining that his interpretation of "corruptly" "avoids vagueness").

Therefore, the defendant presents no valid vagueness concern.

### d. The Rule of Lenity Does Not Apply

Finally, the court should reject the defendant's rule of lenity argument, (ECF No. 47 at 17). The defendant argues that it is unfair to prosecute him for obstruction of an official proceeding because it was not "clear and definite" that Congress's Joint Session on January 6 constituted an "official proceeding" under Section 1512(c)(2).  The rule of lenity, however, applies "only when a criminal statute contains a 'grievous ambiguity or uncertainty,' and 'only if, after seizing everything from which aid can be derived,' the Court 'can make no more than a guess as to what Congress intended.'"  *Fischer*, 64 F.4th at 350 (quoting *Ocasio v. United States*, 578 U.S. 282, 295 n.8 (1994)).  In addressing the same argument in *Fischer*, the D.C. Circuit court concluded, "the language of § 1512(c)(2) is clear and unambiguous.  Restraint and lenity therefore have no place in our analysis."  *Id*.

## CONCLUSION

The United States respectfully submits that the Court should not dismiss Count Two in the Superseding Indictment.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Kelly E. Moran*
Assistant United States Attorney
NY Bar No. 5776471
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-740-4690
kelly.moran@usdoj.gov