UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 21-CR-00326 (PLF) |
| MICHAEL FITZGERALD, | |
| Defendant. | |

**GOVERNMENT'S STATUS REPORT AND MOTION TO CONTINUE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this status report subsequent to the decision in *Fischer v. United States*, 603 U.S. \_\_\_, 2024 WL 3208034 (June 28, 2024), as ordered by this Court on March 29, 2024, and July 7, 2024.

On February 29, 2024, the defendant filed a motion to dismiss Count One of the indictment, which alleged a violation of 18 U.S.C. § 1512(c)(2) (ECF No. 47). The Government opposed this motion (ECF No. 49). On March 29, 2024, the Court issued a Minute Order holding the defendant's motion to dismiss in abeyance pending the Supreme Court's ruling in *Fischer*.

On June 28, 2024, the Supreme Court issued its decision in *Fischer* holding that Section 1512(c) does not cover "*all* means of obstructing, influencing, or impeding any official proceeding." *Fischer*, 603 U.S. \_\_\_, 2024 WL 3208034 at *6. However, the Court did not reject the application of Section 1512(c)(2) to January 6 prosecutions as a whole. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 6, 10. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* at

16. Through those further proceedings, the Court of Appeals will interpret the scope of the statute further, which may include circumstances like the defendant, where the defendant intended to stop the certification proceeding and affect the voting and balloting underlying the certification. *See Id.* (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 14 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

    Given the remand to the Circuit and the ongoing litigation in *Fischer*, the government is still evaluating *Fischer*'s impact on this and other January 6 cases. The government therefore respectfully requests until September 15, 2024 – approximately 60 days -- to respond to the defendant's motion to dismiss Count One in light of the *Fischer* decision. The Government conveyed this request to the defense; the defense does not oppose this motion. The Government further requests that this Court toll the Speedy Trial Clock through September 15, 2024, in the interest of justice. The defense does not oppose this request.

          Respectfully submitted,

          MATTHEW M. GRAVES
          UNITED STATES ATTORNEY

By:    */s/ Kelly Elizabeth Moran*
       KELLY ELIZABETH MORAN
       Assistant United States Attorney
       NY Bar No. 5776471
       U.S. Attorney's Office for the District of Columbia
       601 D Street, N.W.
       Washington, D.C. 20530

202-740-4690<br>
kelly.moran@usdoj.gov